In re Guardianship of Brennan : Brennan, by Guardian, Appellant, vs. Milwaukee County, Respondent.

*March 14—April 14, 1944.*

*William I. O'Neill* of Milwaukee, guardian, for the appellant.

For the respondent there was a brief by *O. L. O'Boyle,* corporation counsel, and *F. C. T. John,* assistant corporation counsel, and oral argument by *Mr. John.*

FOWLER, J.   The case is an appeal from a judgment of the county court of Milwaukee county allowing a claim against the estate of an insane person for her maintenance in the Milwaukee county hospital for chronic insane.   The county presented its claim against the estate of the instant incompetent person under sec. 46.10 (7), Stats.   This section in the 1941 statutes so far as here material reads:

"The actual *per capita* cost . . . of maintenance furnished an inmate of . . . any county institution *in which the state is chargeable with all or a part of the inmate's maintenance,* . . . may be recovered . . . in counties having a population of five hundred thousand or more by the county, from such person, or from his estate."

It is admitted that the incompetent was cared for in the Milwaukee county asylum during the period covered by the claim, and that the amount of the charge is "the actual *per capita* cost" of her maintenance therein.   The court allowed the claim in full.

The underlined part of sub. (7), sec. 46.10, Stats., above in part quoted, makes the subsection applicable to the instant case because sec. 51.08, relating to the care of inmates of insane asylums provides that where an inmate has a legal settlement in the county where the maintenance was furnished, as has the instant inmate, the state and county are each chargeable with one half the cost of maintenance.

Counsel for the appellant contends that under the rule of *State Department of Public Welfare v. Shirley,* 243 Wis. 276, 10 N. W. (2d) 215, there is no liability.   Counsel for the respondent agree with this contention, ask that we here

overrule that case, and strenuously contend that it should be overruled. There is no need or occasion to overrule the *Shirley Case*. The basis of the contention for overruling it is that a statement on page 285 of the opinion that the repeal of sec. 51.30, Stats. 1933, "struck out any express statutory provision charging maintenance furnished under the provisions of ch. 50 [relating to tubercular hospitals] and ch. 51 [relating to insane asylums], Stats." It may be conceded that if there were no other provision in the 1935 statutes that declared that insane patients having property were liable for their keep in county insane asylums, the plaintiff could not recover. But sec. 49.145, Stats. 1935, declares such liability. Sub. (2) thereof reads:

"(2) Persons who are not indigent shall be received for treatment subject to such conditions and at such rates not exceeding the actual cost to said county, as shall be determined by the governing authority of said hospital, and subject to such rules and regulations as it may prescribe. . . ."

This provision is carried forward in the statutes and is in the 1943 statutes. Liability for recovery from relatives of poor persons of the cost of their maintenance in municipal institutions is recognized in the *Shirley Case, supra,* under sec. 49.11, Stats. 1943, at page 286 of the opinion. Recovery was denied in that case because the special procedure for recovery from relatives prescribed in said section was not followed. Here recovery may be had by the county from the incompetent's estate, under the declarations of sec. 49.145, Stats., just as it might be recovered from relatives in the *Shirley Case* under sec. 49.11, and here as no special procedure is prescribed by sec. 49.145 the remedy of the action at law pursued by the county is open to it, and the procedure prescribed by sec. 319.41 for recovery from incompetents and their estates was followed.

Two provisions of ch. 336, Laws of 1935, clearly indicate the intent of the legislature that the respondent should recover. One is the amending provisions of sec. 51.08 (1), Stats., relating to settlement between state and counties for the expense of maintenance in county asylums for the insane made by ch. 336, Laws of 1935, that "nothing herein shall prevent the collection of the actual *per capita* cost of maintenance . . . by the county in counties having a population of five hundred thousand or more, *pursuant to law.*" The other provision is that of sub. (1) of the amended sec. 46.10, Stats., which expressly declared that "nothing in this section *or elsewhere*" should prevent recovery of the *per capita* cost of maintenance provided by its sub. (7). These two provisions clearly indicate that the legislature intended by ch. 336, Laws of 1935, to give to counties of five hundred thousand population as is the respondent, the right to recover "pursuant to law" from its asylum inmates having an "estate" the "actual *per capita*" cost "of their maintenance."

Another matter referred to in the briefs should perhaps be mentioned. Ch. 548, Laws of 1943, added to said sub. (7) the following:

"The legislature intends, and so intended at the time this subsection [sub. (7)] was enacted by chapter 336, Laws of 1935, to impose, exclusively by this subsection and no other, a liability for care in those institutions to which this subsection has application, upon the person receiving such care, upon his estate. . . . The words 'may be recovered' appearing in this subsection are and were intended to impose this liability."

All of the support covered by the instant claim but that for two months was furnished prior to the date of publication of this chapter at which time it became effective, if it had any effect. The appellant claims that ch. 548, Laws of 1943, bars recovery for the support furnished except that for the two

months subsequent to its enactment. As we have decided that the county is entitled to recover under sub. (7) as it stood prior to the passage of ch. 548, the enactment of that chapter, whatever its purpose and whatever its declaration was intended to accomplish and whether it had any effect or not, does not bar recovery for any part of the support herein involved.

*By the Court.*—The judgment of the county court is affirmed.